IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Yahya Muqit, | ) |
| | ) Civil Action No.0:24-cv-00720-TMC |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| | ) |
| Ofc Rivera; Sgt. Salazor; Sgt. Kimbrell; Sgt. Awtry; Lt. Burnzinsky; Contraband Baccobella; A/W Susan Duffy; A/W Early; Major Bennett; Warden Charles Williams; M/H K. Harper; M/H Martin; Dr. Kara Selverdies; M/H K. Wyant., | ) |
| Defendants. | ) |

Plaintiff Yahya Muqit, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983, alleging Defendants subjected him to excessive force, sexually assaulted him, and were deliberately indifferent to his medical needs in violation of the Eighth Amendment. (ECF No. 22). Plaintiff also alleges Defendants interfered with his free exercise of religion in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). *Id.*[1] The parties filed cross motions for Summary Judgment (ECF Nos. 77, 94) and responses in opposition to those motions (ECF Nos. 93, 97). Defendants also filed a reply. (ECF No. 96). Plaintiff also filed a Motion for Preliminary Injunction and Temporary Restraining Order (ECF No. 85), and Defendants filed a response in opposition. (ECF No. 90). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule

---

[1] Plaintiff's claims were construed as such in an order issued by the magistrate judge on May 15, 2024, which gave the parties seven days within which to raise any objection to the court's construction. (ECF No. 35). No party objected.

73.02(B)(2) (D.S.C.), this matter was automatically referred to a magistrate judge for all pretrial proceedings.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), (ECF No. 101), recommending the court grant in part and deny in part Defendants' motion for summary judgment (ECF No. 77) and deny Plaintiff's motions (ECF Nos. 85, 94). As to the cross motions for summary judgment, the magistrate judge concludes Defendants are entitled to summary judgment as to Plaintiff's claims against Defendants in their official capacities based on sovereign immunity. (ECF No. 101 at 4–5). As to Plaintiff's claims against Defendants in their individual capacities, the magistrate judge recommends granting Defendants summary judgment as to (1) Plaintiff's Eighth Amendment claim for deliberate indifference to Plaintiff's medical needs because Plaintiff fails to provide evidence from which a reasonable jury could find deliberate indifference to his medical needs and (2) Plaintiff's claims pursuant to the First Amendment and the RLUIPA because Plaintiff failed to exhaust his administrative remedies. *Id*. at 11–17. The magistrate judge recommends denying Defendants summary judgment as to Plaintiff's Eighth Amendment claims against Defendants in their individual capacities for excessive force and sexual assault, concluding a genuine issue of material fact exists. *Id*. at 5–11. Finally, the magistrate judge recommends denying Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order, finding the issue is not directly related to Plaintiff's claims, Plaintiff has not shown irreparable harm, and Plaintiff has not made a clear showing he is entitled to relief on the merits of his underlying claim. *Id*. at 17–19.

On January 29, 2025, the Report was mailed to Plaintiff at the address he provided the court. (ECF No. 102). The Report has not been returned to this court marked as "undeliverable," so Plaintiff is presumed to have received it. The parties were advised of the right to file specific

objections to the Report and of the potential consequences of failing to do so. (ECF No. 101 at 20). Nonetheless, the parties have not filed objections to the Report, and the time for doing do has expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting

the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Having reviewed the Report and the record and, finding no clear error, the court agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 101), which is incorporated herein by reference. Accordingly, Defendants' Motion for Summary Judgment is **GRANTED** as to Plaintiff's claims against Defendants in their official capacities and as to Plaintiff's claims against Defendants in their individual capacities under (1) the Eighth Amendment for deliberate indifference to Plaintiff's medical needs and (2) the First Amendment and the RLUIPA. (ECF No. 77). Defendants' Motion for Summary Judgment is **DENIED** as to Plaintiff's claims against Defendants in their individual capacities under the Eighth Amendment for excessive force and sexual assault. *Id.* Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order and his Motion for Summary Judgment are **DENIED.** (ECF Nos. 85, 94).

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 19, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.