IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Yahya Muqit, | ) |
|       Plaintiff, | ) |
| | ) Civil Action No. 0:24-cv-00720-TMC |
| v. | ) |
| | ) **ORDER** |
| ofc Rivera; Sgt. Salazor; Sgt. Kimbrell; Sgt. Awtry; Lt. Burnzinsky; Contraband Baccobella; A/W Susan Duffy; A/W Early; Major Bennett; Warden Charles Williams; M/H K. Harper; M/H Martin; Dr. Kara Selverdies; M/H K. Wyant, | ) |
|       Defendants. | ) |

Plaintiff Yahya Muqit ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, brought this civil action pursuant to 42 U.S.C. § 1983, alleging Defendants subjected him to excessive force, sexually assaulted him, and were deliberately indifferent to his medical needs in violation of the Eighth Amendment. (ECF No. 22). Plaintiff also alleges Defendants interfered with his free exercise of religion in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").[1] *Id*. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to a magistrate judge. Now before

---

[1] Plaintiff's claims were construed as such by the magistrate judge in an order dated April 16, 2024. (ECF No. 27 at 2). On May 15, 2024, the magistrate judge issued a separate order noting that "[i]f any party disagrees with the court's construction of the Plaintiff's claims, he or she may file an appropriate motion with the court within seven (7) days from the date of this order." (ECF No. 35). No party objected to the magistrate judge's construction of Plaintiff's claims.

the court is the magistrate judge's Report and Recommendation ("Report"), (ECF No. 101), recommending the court grant in part and deny in part Defendants' motion for summary judgment, (ECF No. 77), and deny Plaintiff's motions, (ECF Nos. 85, 94). The magistrate judge notified Plaintiff of his right to file objections to the Report. *Id*. at 20. Plaintiff filed objections to the Report, (ECF No 111), and Defendants filed a reply, (ECF No. 114).[2] This matter is now ripe for review.

## I. Background and Report

Plaintiff does not object to the summary of the factual and procedural background in this case, and the court adopts and incorporates the magistrate judge's summary as if set forth fully herein. Accordingly, the court need not summarize the facts of this case in detail and, therefore, recounts them only briefly herein. The facts are either undisputed or are taken in the light most favorable to Plaintiff, to the extent they find support in the record. On March 14, 2022, while housed at Perry Correctional Institution, Plaintiff was taken to a chair to receive a haircut because his hair did not comply with South Carolina Department of Corrections ("SCDC") regulations. (ECF No. 77-3). While in the barber's chair, Plaintiff resisted, and Sgt. Kimbrell, Sgt. Salazar, and Lt. Burzinski held Plaintiff face-down on the ground with his hands cuffed behind his back. *Id*. Sgt. Rivera completed the haircut while Sgt. Boccabello filmed the incident. *Id*.; *see also* (ECF

---

[2] Initially, neither party objected to the Report within the allotted time for objections, and this court entered an order finding no clear error and adopting the Report. (ECF No. 105). However, on February 11, 2025, before objections were due, Plaintiff mailed a Motion for Extension of Time to Respond to the Report asking the court to allow him until February 21, 2025, to file his objections. (ECF Nos. 110, 110-1); *see Houston v. Lack*, 487 U.S. 266 (1988) (holding that a *pro se* prisoner's date of filing is the date he delivers it to prison officials). Plaintiff's objections were postmarked February 18, 2025. (ECF No. 111-1). Although Defendants contend the court should not consider Plaintiff's objections because they were untimely, (ECF No. 114), this court grants Plaintiff's Motion for Extension of Time, (ECF No. 110), sets aside the court's previous order adopting the Report, (ECF No. 105), and considers Plaintiff's objections, (ECF No. 111).

Nos. 77-4, 77-5). There was a gap in the recording, so part of the incident was not filmed. (ECF Nos. 77-3, 77-4, 77-5). Plaintiff's shirt and pants were cut off and he was escorted to his cell in boxers. (ECF No. 77-5). Shortly thereafter, Nurse Sanders evaluated Plaintiff, who reported a sore neck, back, and left ankle. (ECF Nos. 77-6, 77-7 at 28). Three days later, Plaintiff was evaluated again, (ECF No. 77-6 at 20–21), and he met with a counselor, (ECF No. 77-6 at 22–24). This was followed by x-rays of Plaintiff's spine, neck, wrists, and ankle. *Id*. at 16–17. Plaintiff submitted a Prison Rape Elimination Act ("PREA") complaint, alleging the officers sexually assaulted him while he was restrained. (ECF No. 77-8).

Plaintiff subsequently filed a complaint and an amended complaint in this court. (ECF Nos. 1, 22). As previously indicated, the magistrate judge construed Plaintiff's amended complaint as bringing claims against Defendants pursuant to § 1983 alleging Defendants used excessive force, sexually assaulted him, and were deliberately indifferent to his medical needs in violation of the Eighth Amendment. (ECF No. 27 at 2). The magistrate judge also construed a claim that Defendants interfered with Plaintiff's free exercise of religion in violation of the First Amendment and the RLUIPA. *Id*.

The parties filed cross motions for Summary Judgment (ECF Nos. 77, 94) and responses in opposition to those motions (ECF Nos. 93, 97), and Defendants filed a reply, (ECF No. 96). Plaintiff also filed a Motion for Preliminary Injunction and Temporary Restraining Order, (ECF No. 85), and Defendants filed a response in opposition, (ECF No. 90). The magistrate judge issued the Report recommending the court grant in part and deny in part Defendants' motion for summary judgment, (ECF No. 77), and deny Plaintiff's motions, (ECF Nos. 85, 94).

As to the cross motions for summary judgment, the magistrate judge concluded Defendants are entitled to summary judgment as to Plaintiff's claims against Defendants in their official

capacities based on sovereign immunity. (ECF No. 101 at 4–5). As to Plaintiff's claims against Defendants in their individual capacities, the magistrate judge recommended granting Defendants summary judgment as to (1) Plaintiff's Eighth Amendment claim for deliberate indifference to Plaintiff's medical needs because Plaintiff failed to provide evidence from which a reasonable jury could find deliberate indifference to his medical needs and (2) Plaintiff's claims pursuant to the First Amendment and the RLUIPA because Plaintiff failed to exhaust his administrative remedies. *Id*. at 11–17. The magistrate judge recommended denying Defendants summary judgment as to Plaintiff's Eighth Amendment claims against Defendants in their individual capacities for excessive force and sexual assault, concluding that a genuine issue of material fact exists and that the issue of qualified immunity should be reserved. *Id*. at 5–11. Finally, the magistrate judge recommended denying Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order, finding the issue is not directly related to Plaintiff's claims, Plaintiff has not shown irreparable harm, and Plaintiff has not made a clear showing he is entitled to relief on the merits of his underlying claim. *Id*. at 17–19.

The magistrate judge notified Plaintiff of his right to file objections to the Report. (ECF No. 101 at 20). Plaintiff filed objections to the Report, (ECF No 111), and Defendants filed a reply, (ECF No. 114). This matter is now ripe for review.

**II. Standard of Review**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the

recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). "'The court is not obligated to consider new arguments raised by a party for the first time in objections to the magistrate's Report.'" *Floyd v. City of Spartanburg S.C.*, Civ. A. No. 7:20-cv-1305-TMC, 2022 WL 796819, at *9 (D.S.C. Mar. 16, 2022) (quoting *Elliott v. Oldcastle Lawn & Garden, Inc.*, No. 2:16-cv-01929-DCN, 2017 WL 1206408, at *3 (D.S.C. Mar. 31, 2017)); *see also Elijah*, 66 F.4th at 460 n. 3 (noting "district court judges are not required to consider new arguments posed in objections to the magistrate's recommendation").

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when

reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Phillips v. Nlyte Software Am. Ltd.*, 615 Fed. App'x 151, 152 (4th Cir. 2015) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

"'In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party.'" *Sellers v. Keller Unlimited LLC*, 388 F. Supp. 3d 646, 649 (D.S.C. 2019) (quoting *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996)). However, "'[o]nly disputes over facts that might

affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.'" *McKinney v. G4S Gov't Sols., Inc.*, 711 Fed. App'x 130, 134 (4th Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party has the burden of proving that summary judgment is appropriate. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Lane & Roderick, Inc.*, 736 Fed. App'x 400, 400 (4th Cir. 2018) (citing *Celotex Corp.*, 477 U.S. at 322–23). Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015).

## III. Discussion

### A. <u>Official Capacity</u>

The magistrate judge recommended granting Defendants summary judgment to the extent Plaintiff is suing Defendants in their official capacities for monetary relief, finding Defendants, "are all SCDC employees, [who] are entitled to sovereign immunity and cannot constitute 'persons' under § 1983 in that capacity." (ECF No. 101 at 4). The court gleans the following arguments from Plaintiff's objections: (1) Defendants are municipal employees who are not entitled to sovereign immunity and (2) sovereign immunity is waived under the South Carolina Tort Claims Act ("SCTCA") (ECF No. 111 at 1–2).

As noted by the magistrate judge:

> The Eleventh Amendment states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any

7

> Foreign State." U.S. Const. amend. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989) (recognizing that "arms of the State" are not "persons" under § 1983, and observing that "[w]e cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent").
>
> . . .
>
> Although a State may waive sovereign immunity, *Lapides v. Bd. of Regents*, 535 U.S. 613, 622 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court, *see* S.C. Code Ann. § 15-78-20(e).

(ECF No. 101 at 4).

In his objections, Plaintiff appears to argue that "SCDC and her agents are . . . municipal" and are not entitled to sovereign immunity. (ECF No. 111 at 2). However, all of the defendants are employees of SCDC, and "SCDC is a state agency and thus an arm of the State of South Carolina." *Simpson v. S.C. Dep't of Corr.*, No. 2:19-cv-2245-RMG, 2020 WL 582321, at *2 (D.S.C. Feb. 6, 2020) (internal quotation marks omitted). As such, courts have consistently dismissed claims brought against SCDC employees in their official capacities based on Eleventh Amendment immunity. *See id*. at *2 n.1 (collecting cases dismissing claims brought against employees of SCDC in their official capacities based on sovereign immunity). Based on the foregoing, any argument that Defendants are municipal employees who are not entitled to sovereign immunity is without merit.

Plaintiff's apparent reliance on the SCTCA for a waiver of sovereign immunity is also without merit because Plaintiff's amended complaint did not contain any allegations of tortious conduct. *See Botten v. Charleston Cnty. EMS*, No. 2:23-CV-05064-DCN, 2024 WL 1120332, at *5 (D.S.C. Mar. 14, 2024) (noting the SCTCA provides "a limited waiver of sovereign immunity

8

for certain *tortious acts*." (emphasis added)).  Although Plaintiff's objections appear to argue he raised a claim for gross negligence, the magistrate judge did not construe a claim for gross negligence, or any other tort, and no party objected to that construction. *See* (ECF Nos. 27, 35); *see also supra*, note 1.  Thus, Plaintiff has not shown the SCTCA provides a waiver of sovereign immunity in this case. *See* S.C. Code Ann. § 15-78-20(e)(providing "[n]othing in this chapter is construed as a waiver of the state's or political subdivision's immunity from suit in federal court under the Eleventh Amendment")

Because Defendants are entitled to sovereign immunity and Plaintiff has not shown a waiver of that immunity, the court agrees with the magistrate judge's conclusion that Defendants are entitled to summary judgment as to Plaintiff's claims against Defendants in their official capacities.  *See Lancaster v. Sec'y of Navy*, 109 F.4th 283, 293 (4th Cir. 2024) (recognizing "it is the plaintiff's burden to show that an unequivocal waiver of sovereign immunity exists")

**B. Eighth Amendment Claims**

**a. Excessive Force and Sexual Assault Claims**

Plaintiff asserts excessive force was used by the officers because he was stripped naked and hogtied while officers placed their knees on his back and neck, called him a girl, and penetrated him.  (ECF No. 22 at 2–3).  He alleges that he suffered a swollen face, bruised body, and a one-inch gash between his buttocks.  *Id*.  Defendants contend any force was reasonable and applied in good faith and that none of the officers sexually assaulted Plaintiff.  (ECF No. 77-1 at 8–11).  The magistrate judge recommended denying Defendants' and Plaintiff's motions for summary judgment as to Plaintiff's claims brought under the Eighth Amendment for excessive force, including sexual assault, noting "the court finds that genuine issues of material fact exist as to [Plaintiff's] excessive force and sexual assault claims because on this record, a jury could

reasonably find that the [D]efendants violated [Plaintiff's] Eighth Amendment rights if it credited [Plaintiff's] testimony." (ECF No. 101 at 11). The magistrate judge also concluded Defendants are not entitled to qualified immunity at this time. *Id*. Specifically, the magistrate judge noted that because there is "no evidence in the record concerning what took place during the crucial moments when the camera was off, other than the parties' contradictory statements . . . [t]he ultimate questions of what prompted the use of force, exactly what force was used, and whether an officer inappropriately touched [Plaintiff]. . . turn on the type of credibility determination that is the province of a jury." *Id*. at 10. Plaintiff purports to object to this finding, but his objection merely restates the finding of the magistrate judge that there is a genuine issue of material fact and summary judgment is not appropriate. (ECF No. 111 at 3-4). As such, finding no error, clear or otherwise, the court adopts the magistrate judge's recommendation that any motion for summary judgment be denied as to Plaintiff's claims of excessive force and sexual assault brought pursuant to the Eighth Amendment.

    b. **Deliberate Indifference Claim**

Plaintiff alleges Defendants were deliberately indifferent to his medical needs, arguing they failed to adequately address his injuries. (ECF No. 22 at 2, 3). The magistrate judge concluded "[Plaintiff] has failed to provide evidence from which a reasonable jury could find deliberate indifference to his medical needs. Specifically, [Plaintiff] has not shown the treatment he received was 'grossly incompetent' or 'inadequate.'" (ECF No. 101 at 13). The magistrate judge also found Plaintiff has not shown he had a serious medical need. *Id*. Plaintiff objects, arguing "at the bare minimum Nurse Sanders was suppose [sic] to take my vitals, blood pressure, and read my oxygen levels[,] give Tylenol and ice." (ECF No. 111 at 2).

10

"It is beyond debate that a prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019) (internal quotation marks omitted). To establish an Eighth Amendment deliberate indifference claim, a plaintiff must prove an objective component and a subjective component. *Id*. "The objective element requires an objectively serious medical condition." *Short v. Hartman*, 87 F.4th 593, 612 (4th Cir. 2023). "A condition is objectively serious if it is diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. (internal quotation marks omitted). To satisfy the subjective component, a plaintiff must show "that the prison official acted with deliberate indifference to inmate health or safety, meaning that the official had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Id*. (internal quotation marks omitted). "To find [a] prison official[] liable, the treatment given must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Hixson v. Moran*, 1 F.4th 297, 303 (4th Cir. 2021) (internal quotation marks omitted).

Initially the court notes that although Plaintiff restates his injuries in his objections, he has not objected to the magistrate judge's finding that he has not shown he had a serious medical need, and the court agrees that he has not shown as such. *See* (ECF No. 101 at 13) (noting that although Plaintiff continues to have pain, "neither the medical assessments nor x-rays revealed a serious injury, and there is no record of a doctor prescribing treatment, let alone treatment that was not provided."); *see also Short*, 87 F.4th at 612 (providing "[a] condition is objectively serious if it is diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention" (internal quotation marks omitted)).

11

Furthermore, the magistrate judge detailed the medical treatment that Plaintiff received, noting "the video evidence and medical records shows Nurse Sanders evaluated [Plaintiff] within hours of the incident. . . . [A]ll the evidence shows the [Plaintiff] received a more thorough evaluation three days later, followed by x-rays of his spine, neck, wrists, and ankles." (ECF No. 101 at 13).

Although Plaintiff contends Nurse Sanders should have taken his vitals and blood pressure, read his oxygen levels, and given him Tylenol and ice, (ECF No. 111 at 2), Plaintiff has not shown the care provided was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Hixson v. Moran*, 1 F.4th 297, 303 (4th Cir. 2021) (internal quotation marks omitted). Furthermore, as noted by the magistrate judge, "'[a] prisoner's disagreement as to the appropriate treatment fails to rise to the level of a constitutional claim and fails to create a genuine issue of material fact.'" (ECF No. 101 at 13) (quoting *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010)).

Based on the foregoing, the court concludes there is no genuine issue of material fact and Defendants are entitled to summary judgment as to Plaintiff's deliberate indifference claim.

C. **First Amendment and RLUIPA Claims**

Plaintiff alleges Defendants violated his religious rights when they forced him to shave his head and confiscated his religious necklace. (ECF No. 22 at 2–3). In their motion for summary judgment, Defendants argue Plaintiff did not exhaust his administrative remedies as to these claims. (ECF No. 77-1 at 12–14). Plaintiff disagreed, arguing he filed a Step One grievance, but he was not provided with the form for a Step Two grievance until after the deadline expired. (ECF No. 93 at 4). The magistrate judge agreed with Defendants that Plaintiff failed to exhaust his administrative remedies as to these claims, and, thus, the magistrate judge recommended summary judgment. (ECF No. 101 at 14–17).

The magistrate judge set forth the requirements for exhausting administrative remedies in the Report, and neither party objects to the summary of the applicable authority. *Id*. Accordingly, the court incorporates that portion of the Report here.

In short, the Prison Litigation Reform Act ("PLRA"), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "It is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). The defendant has the burden of establishing that a plaintiff failed to exhaust his administrative remedies. *See Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017) (quoting *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008)).

As noted by the magistrate judge,

> Pursuant to South Carolina Department of Corrections policy, an inmate seeking to complain of prison conditions must first attempt to informally resolve his complaint. Next, an inmate may file a "Step 1 Grievance" with designated prison staff. If the Step 1 Grievance is denied, the inmate may appeal to the warden of his facility via a "Step 2 Grievance." Moreover, review from the South Carolina Administrative Law Court ("ALC"), an independent executive branch tribunal, is generally part of the available administrative remedies an inmate must exhaust. See Furtick v. S.C. Dep't of Corr., 649 S.E.2d 35, 38 (S.C. 2007) (reaffirming that "the ALC has jurisdiction over all inmate grievance appeals that have been properly filed") (citing Slezak v. S.C. Dep't of Corr., 605 S.E.2d 506 (S.C. 2004)); see also SCDC Policy GA-01.12, http://www.doc.sc.gov/policy/policy.html

(ECF No. 101 at 15–16).

The magistrate judge cited to an affidavit from Daniel Harouff ("Harouff"), Deputy Warden at Perry Correctional Institution, which asserted Plaintiff has not fully grieved the issues he raises pertaining to the length of his hair or the loss of his religious necklace. *Id*. at 16 (citing

13

ECF No. 77-2 at 4). Although Harouff noted Plaintiff has submitted two grievances related to his religious practices, those grievances pertained to a religious book, a prayer mat, and diet, not Plaintiff's hair or religious necklace. (ECF Nos. 101 at 16, 77-2 at 4). Thus, the magistrate judge noted that Plaintiff's "explanation that he did not receive Step 2 grievance forms in a timely manner does not address the lack of a Step 1 grievance on this issue." *Id*.

In his objections to the Report, Plaintiff contends he filed grievance # PCI 0308-21 and he exhausted the issue all the way to the administrative law court. (ECF No. 111 at 3). However, aside from this assertion, Plaintiff has not shown that such a grievance was filed, and the list of Plaintiff's grievances that was filed in conjunction with Defendants' motion for summary judgment does not list that grievance number or any grievance with arguments related to Plaintiff's hair or religious necklace. *See* (ECF No. 77-10), s*ee also a Fishburne v. SC Dep't of Corr*., No. 8:23-CV-05469-TMC, 2025 WL 579990, at *4 (D.S.C. Feb. 21, 2025) ("To survive a motion for summary judgment asserting a failure to exhaust, an inmate is required to produce evidence in response to the motion that refutes the claim that he failed to exhaust.")*; Hill v. Haynes*, 380 F. App'x 268, 270 (4th Cir. 2010) (holding that "to withstand a motion for summary judgment, the non-moving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial"). Plaintiff also again argues Defendants did not make the Step Two Grievance available to him, but this argument is immaterial because, as previously indicated, Plaintiff has not shown he ever filed a Step One Grievance as to these claims.

Plaintiff has failed to show evidence creating a genuine issue of material fact as to whether he exhausted his administrative remedies as to these claims. As such, Defendants' motion for

summary judgment is granted as to these claims, and Plaintiff's motion for summary judgment is denied as to these claims.

D. **Motion for Preliminary Injunction and Temporary Restraining Order**

Plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order, in which he described difficulties obtaining copies of his handwritten documents. (ECF No. 85). The magistrate judge recommended denying Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order, finding the issue is not directly related to Plaintiff's claims, Plaintiff has not shown irreparable harm, and Plaintiff has not made a clear showing he is entitled to relief on the merits of his underlying claim. (ECF No. 101 at 17–19). There were no objections to this recommendation, and finding no clear error, the court denies Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order. (ECF No. 85).

IV. Conclusion

The court hereby **GRANTS** Plaintiff's, (ECF No. 110), Motion for Extension of Time to Respond to the Report and sets aside the court's previous order adopting the Report, (ECF No. 105). Having thoroughly reviewed the Report, the record, and the submissions of the parties, for the reasons stated above, the court agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report, (ECF No. 101), which is incorporated herein by reference. Accordingly, Defendants' Motion for Summary Judgment is **GRANTED** as to Plaintiff's claims against Defendants in their official capacities and as to Plaintiff's claims against Defendants in their individual capacities under (1) the Eighth Amendment for deliberate indifference to Plaintiff's medical needs and (2) the First Amendment and the RLUIPA. (ECF No. 77). Defendants' Motion for Summary Judgment is **DENIED** as to Plaintiff's claims against Defendants in their individual capacities under the Eighth Amendment for excessive force and

sexual assault. *Id*. Plaintiff's Motion for Summary Judgment, (ECF No. 94), and Motion for Preliminary Injunction and Temporary Restraining Order, (ECF No. 85), are **DENIED.**

    **IT IS SO ORDERED.**

                                                                  s/Timothy M. Cain
                                                                  Chief United States District Judge

June 17, 2025
Anderson, South Carolina