**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| Yahya Muqit | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 0:24-cv-00720-TMC |
| v. | ) | |
| | ) | **ORDER** |
| ofc Rivera; Sgt. Salazar; Sgt. Kimbrell; | ) | |
| Sgt. Awtry; Lt. Burzinsky; Sgt. Boccobello; | ) | |
| A/W Susan Duffy; A/W Early; Major | ) | |
| Bennett; Warden Charles Williams; M/H K. | ) | |
| Harper; M/H Martin; Dr. Kara Selverdies; | ) | |
| M/H K. Wyant, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Yahya Muqit ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, brought this civil action pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 8, 22). Now before the court is the magistrate judge's second Report and Recommendation ("Second Report"), (ECF No. 139), recommending the court grant Defendants' motion for summary judgment as to Plaintiff's claims brought pursuant to the Free Exercise Clause of the First Amendment ("Free Exercise Clause") and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.*[1] The magistrate judge notified the parties of their right to file objections

---

[1]     As part of the Second Report, the magistrate judge denied Plaintiff's motion to compel, (ECF No. 126), and granted Plaintiff's motion for a jury trial, (ECF No. 135), "to the extent it asserts a right to a trial by jury on the claims that have survived the defendants' motion for summary judgment." (ECF No. 139 at 12–13).  The magistrate judge also used the spelling of Defendants' names as they appeared in Defendants' briefs and directed the Clerk of Court to amend the caption to comport with the proper spelling of the Defendants' names. *Id*. at 2.

to the Second Report. *Id*. at 14. Plaintiff filed objections, (ECF No 153), and Defendants filed a reply to those objections, (ECF No. 155). This matter is now ripe for review.

## I. Background and Second Report

Plaintiff does not object to the Second Report's summary of the facts in this case, and the court adopts and incorporates the magistrate judge's summary as if set forth fully herein. Accordingly, the court need not summarize the facts of this case in detail and, therefore, recounts the facts relevant to Plaintiff's Free Exercise Clause and RLUIPA claims only briefly herein. The facts are either undisputed or are taken in the light most favorable to Plaintiff, to the extent they find support in the record. On April 20, 2021, Plaintiff requested that his religion, Ifa,[2] be approved at Perry Correctional Facility ("Perry") and listed as an approved religion by the South Carolina Department of Corrections ("SCDC"). (ECF No. 77-2 at 3). In an affidavit dated August 26, 2024, the Deputy Warden at Perry, Daniel Harouff ("Harouff"), indicated "Ifa has not been listed by S.C.D.C. as an approved religion, and Plaintiff['s] . . . request for religious approval remains pending with S.C.D.C." (ECF No. 77-2 at 3). Despite the pending request, an affidavit dated September 12, 2022, from the Warden at Perry, Charles Williams ("Williams"), provides that he previously approved Plaintiff's requests to order two necklaces, an article of headwear, a prayer mat, a pendant, books, and articles. (ECF No. 77-13 at 3–4). On March 14, 2022, while housed at Perry, Plaintiff was taken to a chair to receive a haircut because his hair did not comply with SCDC rules and regulations. (ECF Nos. 77-2 at 3; 77-3). While in the barber's chair, Plaintiff resisted and Sgt. Kimbrell, Sgt. Salazar, and Lt. Burzinsky held Plaintiff face-down on the ground with his hands cuffed behind his back. *Id*. Sgt. Rivera completed the haircut while Sgt. Boccabello filmed the incident. *Id*.; *see also* (ECF Nos. 77-4, 77-5).

---

[2]     Plaintiff contends Ifa, also referred to as Yoruba, is a traditional African religion.

Following the incident, Plaintiff submitted a grievance alleging "he was forced to get his hair cut as it was [against] his religion" and he "stated security staff assaulted him, and confiscated his belongings (pray[er] rug and necklace). [He] request[ed] that property [be] returned, officers . . .fired and charges brought forth." (ECF No. 125-2 at 1). Another grievance indicated the Plaintiff "alleges discrimination against security due to him being denied a religious book, prayer mat and necklace with pendant." *Id*. at 2. Before the incident, Plaintiff submitted a grievance stating "he is being threatened about cutting his hair and sees it as discrimination since transgender [inmates] are allowed to grow their hair but he is practicing his religion and should be able to worship his belief which includes growing his hair." *Id*. at 3.

Plaintiff subsequently filed a complaint and an amended complaint in this court. (ECF Nos. 1, 22). The magistrate judge construed Plaintiff's amended complaint as bringing claims against Defendants pursuant to § 1983 alleging Defendants used excessive force, sexually assaulted him, and were deliberately indifferent to his medical needs in violation of the Eighth Amendment. (ECF No. 27 at 2). The magistrate judge also construed a claim that Defendants interfered with Plaintiff's free exercise of religion in violation of the Free Exercise Clause and RLUIPA. *Id*. The magistrate judge issued an order noting that "[i]f any party disagrees with the court's construction of the Plaintiff's claims, he or she may file an appropriate motion with the court within seven (7) days from the date of this order." (ECF No. 35). No party objected to the magistrate judge's construction of Plaintiff's claims.

The parties filed cross motions for Summary Judgment, (ECF Nos. 77, 94), and responses in opposition to those motions, (ECF Nos. 93, 97), and Defendants filed a reply, (ECF No. 96). Plaintiff also filed a motion for preliminary injunction and temporary restraining order, (ECF No. 85), and Defendants filed a response in opposition, (ECF No. 90). The magistrate judge issued the

first Report and Recommendation ("First Report"), (ECF No. 101), recommending the court grant in part and deny in part Defendants' motion for summary judgment, (ECF No. 77), and deny Plaintiff's motions, (ECF Nos. 85, 94).

On June 17, 2025, the court entered an order adopting the First Report, (ECF No. 101). (ECF No. 123).  The order granted Defendants' motion for summary judgment, (ECF No. 77), as to Plaintiff's claims against Defendants in their official capacities and as to Plaintiff's claims against Defendants in their individual capacities under the Eighth Amendment for deliberate indifference to Plaintiff's medical needs, the Free Exercise Clause, and RLUIPA.  (ECF No. 123). That order denied Defendants' motion for summary judgment as to Plaintiff's claims against Defendants in their individual capacities under the Eighth Amendment for excessive force and sexual assault, Plaintiff's motion for summary judgment, and Plaintiff's motion for preliminary injunction and temporary restraining order.  *Id*.  Thereafter, Plaintiff filed an "Objection to Order[,]"(ECF No. 125), which the court construed as a motion for reconsideration pursuant to Fed. R. Civ. P. 54(b). *See* (ECF No. 130). On July 31, 2025, the court recommitted this action to the magistrate judge for reconsideration of Defendants' motion for summary judgment as to Plaintiff's claims brought pursuant to the Free Exercise Clause and RLUIPA and indicated the remainder of the June 17, 2025, order remains in effect.  (ECF No. 130).

The magistrate judge issued the Second Report, recommending granting Defendants summary judgment as to Plaintiff's Free Exercise Clause and RLUIPA claims against Defendants in their official capacities for monetary relief based on sovereign immunity.  (ECF Nos. 139 at 4–5).  The magistrate judge concluded that Defendants "have failed to show that [Plaintiff's] religious claims are barred by collateral estoppel."  (ECF No. 139 at 6).  In considering the merits of the Free Exercise Clause and RLUIPA claims, the magistrate judge recommended granting

Defendants' motion for summary judgment because Plaintiff has failed to demonstrate the requisite substantial burden that he is required to show under both the Free Exercise Clause and RLUIPA. (ECF No. 139 at 6–10). Alternatively, the magistrate judge recommended granting Defendant's motion for summary judgment as to Plaintiff's Free Exercise Clause claim, noting "even if the [D]efendants' actions could be construed as a substantial burden, the [D]efendants are entitled to summary judgment on [Plaintiff's] § 1983 First Amendment claims" because Defendants "presented unrebutted evidence that their policies are rationally related to legitimate penological purpose." *Id*. at 10–12. However, the magistrate judge also alternatively concluded that if Plaintiff has shown the requisite substantial burden, Defendants' motion for summary judgment as to Plaintiff's RLUIPA claim should be denied because Defendants "have failed to carry their burden to show they are entitled to summary judgment with respect to RLUIPA's third element." *Id*. at 10, n. 3.

Plaintiff filed objections to the Second Report, (ECF No. 153) and Defendants filed a reply to those objections, (ECF No. 155). This matter is now ripe for review.

## II.  Standard of Review

The recommendations set forth in the Second Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Second Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court

of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Second Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199– 200 (4th Cir. 1983)). "'The court is not obligated to consider new arguments raised by a party for the first time in objections to the magistrate's [Second] Report.'" *Floyd v. City of Spartanburg S.C.*, Civ. A. No. 7:20-cv-1305-TMC, 2022 WL 796819, at *9 (D.S.C. Mar. 16, 2022) (quoting *Elliott v. Oldcastle Lawn & Garden, Inc.*, No. 2:16-cv-01929-DCN, 2017 WL 1206408, at *3 (D.S.C. Mar. 31, 2017)); *see also Elijah*, 66 F.4th at 460 n. 3 (noting "district court judges are not required to consider new arguments posed in objections to the magistrate's recommendation").

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–

6

61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Phillips v. Nlyte Software Am. Ltd.*, 615 Fed. App'x 151, 152 (4th Cir. 2015) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

"'In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party.'" *Sellers v. Keller Unlimited LLC*, 388 F. Supp. 3d 646, 649 (D.S.C. 2019) (quoting *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996)). However, "'[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be

counted.'" *McKinney v. G4S Gov't Sols., Inc.*, 711 Fed. App'x 130, 134 (4th Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party has the burden of proving that summary judgment is appropriate. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Lane & Roderick, Inc.*, 736 Fed. App'x 400, 400 (4th Cir. 2018) (citing *Celotex Corp.*, 477 U.S. at 322–23). Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015).

## III. Discussion

### A. Official Capacity

The magistrate judge recommended granting Defendants summary judgment to the extent Plaintiff is suing Defendants in their official capacities for monetary relief based on sovereign immunity. (ECF No. 139 at 4–5). Neither party objected to this recommendation. Finding no clear error, the court adopts that recommendation and grants summary judgment to Defendants for Plaintiff's Free Exercise Clause and RLUIPA claims brought against them in their official capacities.[3]

### B. Collateral Estoppel

Defendants sought summary judgment as to Plaintiff's Free Exercise and RLUIPA claims based on collateral estoppel. (ECF No. 77-1 at 11–12). Defendants point to the dismissal of

---

[3] The court previously granted Defendants summary judgment as to Plaintiff's other claims against Defendants in their official capacities by order dated June 17, 2025. (ECF No. 123). As such, Defendants' motion for summary judgment has been granted as to all of Plaintiff's claims against them in their official capacities.

Plaintiff's claims in *Muquit v. Stirling*, No. 8:22-2009-RBH-JDA (D.S.C.). *See Muquit v. Stirling*, C/A No. 8:22-2009-RBH-JDA, 2023 WL 3998170 (D.S.C. April 28, 2023), *adopted by* 2023 WL 3996916 (D.S.C. June 14, 2023). The magistrate judge concluded that because the court dismissed Plaintiff's previous action based on Plaintiff's failure to exhaust his administrative remedies, Defendants have "failed to show that [Plaintiff's] religious claims are barred by collateral estoppel[,]" (ECF No. 139 at 6). Neither party objected to this conclusion. As such, having found no clear error, the court adopts this conclusion.

### C. Individual Capacity—Free Exercise Clause and RLUIPA Claims[4]

As noted by the magistrate judge, Plaintiff "alleges his religious rights were violated when the defendants forced him to shave his head and confiscated his religious necklace" and Defendants contend that Plaintiff "fails to allege a Constitutional violation." (ECF No. 139 at 5 (citing ECF Nos. 22 at 2, 3; 77-1 at 11–18)).

The Free Exercise Clause provides "Congress shall make no law . . . prohibiting the free exercise [of religion]." U.S. Const. amend. I. Under Fourth Circuit precedent, to state a Free Exercise Clause violation, "[a] prisoner must show (1) that he holds a sincere religious belief and (2) that his religious practice has been substantially burdened by the prison policy or practice." *Firewalker-Fields v. Lee*, 58 F.4th 104 (4th Cir. 2023). However, a prison regulation that "substantially burdens a practice of sincerely held religious beliefs is 'valid if it is *reasonably*

---

[4] Defendants filed a response to Plaintiff's motion for jury trial indicating they had no objection to Plaintiff's motion but requesting permission to file "supplemental briefing regarding the grievances that Plaintiff has submitted to the Court as purportedly defeating Defendants' argument regarding exhaustion of remedies." (ECF No. 136). In the Second Report, the magistrate judge granted Plaintiff's motion for jury trial but did not address Defendants' request or any exhaustion requirements. (ECF Nos. 135; 139). Nevertheless, Defendants did not object to the Report or mention exhaustion in their reply to Plaintiff's objections. (ECF No. 155). Thus, the court dismisses Plaintiff's motion to strike that response, (ECF No. 146), as moot.

9

*related* to legitimate penological interests.'" *Greenhill v. Clarke*, 944 F.3d 243, 253 (4th Cir. 2019) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

RLUIPA provides that "no government shall impose a substantial burden on [a prisoner's] religious exercise . . . unless the government demonstrates that imposition of the burden on that person is in furtherance of a compelling government interest and is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). "Claims brought under the [Free Exercise Clause] are subject to a less demanding standard of proof than claims brought under RLUIPA, with RLUIPA claims requiring 'strict scrutiny instead of reasonableness.'" *Carawan v. Mitchell*, 400 F. Supp. 3d 371, 389 (W.D.N.C. 2019) (quoting *Lovelace v. Lee*, 472 F.3d 174, 199 n.8 (4th Cir. 2006)).

### a. Substantial Burden

The magistrate judge recommended granting summary judgment as to Plaintiff's Free Exercise and RLUIPA claims based on Plaintiff's failure to demonstrate a substantial burden on his religious expression. (ECF No. 139 at 6–10).

As noted by the magistrate judge, "courts have recognized that RLUIPA provides greater protection of religious rights than the . . . Free Exercise Clause, and that the tests determining whether either law was violated include some overlapping considerations, the analysis of one cannot be imported to the other." *Id.* at 6. However, the magistrate judge went on to provide that the analysis of Free Exercise Clause and RLUIPA claims require "a plaintiff to show that the government substantially burdened his sincerely held religious beliefs[, and the] standard applicable to this initial determination is the same" for both claims. (ECF No. 139 at 6) (citing *Greenhill*, 944 F.3d at 250).

A policy imposes a substantial burden on religious exercise if it "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs, or . . . forces a person to choose between following the precepts of [their] religion and forfeiting [governmental] benefits, on the one hand, and abandoning one of the precepts of her religion . . . on the other hand." *Smith v. Ozmint*, 578 F.3d 246, 251 (4th Cir. 2009) (internal quotations omitted). Here, the magistrate judge concluded "it is clear that long hair and the wearing of the sacred necklace are symbolic ornaments of an Ifa practitioner's faith. However, [Plaintiff's] description of Ifa's requirements fails to show how a denial of these sacred symbols prevents him from strictly adhering to his religious practice." (ECF No. 139 at 9). Plaintiff objects, arguing,

> I have to alter my behavior . . . if I don't cut my hair I run the risk of disciplinary infractions, loss of canteen, phone visitation, freedom, and my life. But if I cut my hair without the appropriate ceremonial ritual . . . I offend my . . . destiny . . . my ancestors . . . and God, so I'd rather lose on the physical level and protect my spiritual life even if that means losing my life, more jail time, or prison time.

(ECF No. 153). This sentiment is reinforced in Plaintiff's affidavit,[5] which also indicates it would violate his religious practice to remove his religious necklace except for during certain "unclean" times, and those necklaces protect "from destruction by opposing spiritual forces." (ECF No. 153-2 at 2–3). Although Defendants' reply argues Plaintiff has not raised any specific objections but

---

[5]    This affidavit was attached to Plaintiff's objections to the Second Report. "The district court's decision whether to consider additional evidence is committed to its discretion." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for doing so." *Caldwell v. Jackson*, 831 F.Supp.2d 911, 914 (M.D.N.C. 2010). Defendants did not object to consideration of the affidavit. (ECF No. 155). Although Plaintiff does not provide a reason, for introducing the affidavit at this stage, "it appears the supplemental affidavit was provided in an effort to expand on and support assertions previously made and considered by the [m]agistrate [j]udge, [so the court] will consider this evidence." *Louis v. Stirling*, 1:24-cv-00759-BHH, 2025 WL 758740 at n. 11 (D.S.C. Mar. 11, 2025).

merely restates his previous arguments, (ECF No. 155), the court finds Plaintiff's objections sufficiently alert the court to his belief that the magistrate judge erred in finding there was no substantial burden. *See Elijah*, 66 F.4th at 459 (noting objections need not be novel to be sufficiently specific).

Here, the only evidence in the record regarding the Ifa religion is from Plaintiff's affidavits. *See* (ECF Nos. 153-2; 77-12). In their motion for summary judgment, Defendants argued that they can only speculate as to the sincerity of Plaintiff's beliefs and note that although they "cannot argue against this element, they nonetheless do not concede it." (ECF No. 77-1 at 15). Plaintiff has consistently noted the religious significance of the necklaces and the significance of hair in his religion, and "any exercise of religion [is protected], whether or not compelled by, or central to, a system of religious belief.'" § 2000cc-5(7)(A). It is evident that the grooming policy provides clear consequences, including forced shaving of inmates, where inmates do not comply with the policy, and courts in analogous cases have found that the forced cutting of an inmate's hair over protests related to his religious beliefs constitute a substantial burden. *See* e.g., *Smith v. Ozmint*, 578 F.3d 246, 251 (4th Cir. 2009) ("The policy requiring [the plaintiff] to cut his hair—and implementing that policy with physical force—compelled him to modify his behavior in violation of his genuinely held religious beliefs. Accordingly, we conclude that the . . . grooming policy substantially burdened [his] religious exercise."); *see also Louis v. Stirling*, 1:24-cv-00759-BHH, 2025 WL 758740 (D.S.C. Mar. 11, 2025)(collecting cases). Based on the record at this stage, the court finds Plaintiff's arguments related to his religious necklaces show substantial pressure on him to modify his behavior and to violate his beliefs. *See Greenhill*, 944 F.3d 243 at 252 (noting that in *Couch v. Jabe*, 679 F.3d 197, 199 (4th Cir. 2012), the Fourth Circuit held that a policy "imposed a substantial burden where inmates' non-compliance . . . caused them to 'have certain

privileges restricted for a short term, including access to personal property, movement rights, the right to eat and associate with others, recreation time, and visitation time." (internal quotations omitted)). Based on the foregoing, at this stage, the court respectfully disagrees with the magistrate judge's conclusion and finds there is a material question of fact as to whether Plaintiff's exercise of religion was substantially burdened.

### b.  Free Exercise Clause

The magistrate judge concluded that even if Defendants' actions could be construed as imposing a substantial burden, Defendants are entitled to summary judgment on Plaintiff's Free Exercise Clause claims because "Defendants have presented unrebutted evidence that their policies are rationally related to legitimate penological purpose." (EFC No. 139 at 10). The magistrate judge pointed to affidavit testimony from Deputy Warden Harouff and Warden Williams indicating long hair poses a security risk due to the ability to conceal contraband or weapons and "[a]n item like a necklace . . . has clear properties that could present institutional safety, such as its ability to be turned into a weapon." *Id*. at 11. In his objections, Plaintiff contends "the [D]efendants have not proved that there is a compelling governmental and penological interest they lied in their affidavits." (ECF No 153 at 7). The court disagrees.

Prison officials are entitled to significant deference in their "judgments concerning institutional operations." *Turner v. Safley*, 482 U.S. 78, 89 (1987). In conducting the analysis to determine whether a substantial burden on a practice of a sincerely held religious belief is valid because it is reasonably related to legitimate penological interests, courts must consider the following "*Turner* factors":

> 1) whether it is rationally related to a legitimate and neutral governmental interest; 2) what alternative avenues remain open to the inmate to exercise his rights; 3) what impact would accommodating the asserted right have on guards, other prisoners,

13

> and the allocation of prison resources; and 4) whether the existence of easy and obvious alternatives indicates that the regulation is an exaggerated response by prison officials

*Green v. Sterling*, No. CV 0:22-1634-SAL, 2023 WL 6357991, at *4 (D.S.C. Sept. 29, 2023) (citing *Turner*, 482 U.S. at 89).

Here, Defendants have produced evidence demonstrating that the policies related to Plaintiff's hair and necklace serve SCDC's interest in promoting security, which courts have previously found is a legitimate and neutral government objective.  (ECF Nos. 77-2; 77-13); *see e.g., Hines v. S.C. Dep't of Corrs*., 148 F.3d 353, 358 (4th Cir. 1998) (considering a challenge to SCDC's former grooming policy under the Free Exercise Clause, and finding that suppressing contraband, limiting gang activity, maintaining discipline and security, and preventing inmates from quickly changing their appearance are compelling governmental and penological interests). Plaintiff was able to purchase some religious supplies, including necklaces, that the Warden found were equivalent to those permitted under other included religions, so Plaintiff can practice other tenets of his religion. *See* (ECF No. 77-13 at 5–6). The Defendants' affidavits also indicate institutional safety is at issue, which would impact other prisoners and staff, and the affidavits point to the ability of officers to effectively conduct searches or cell checks.  (ECF Nos. 77-2; 77-13).   Although Plaintiff passingly points to the officer's ability to use K-9s to smell for drugs, electrical wands to detect weapons, or shake downs of hair growth, these "alternatives" would not account for any contraband that is not a narcotic or is not made of metal, and prison officials are entitled to significant deference in their "judgments concerning institutional operations." *Turner*, 482 U.S. at 89; *see Firewalker-Fields*, 58 F.4th at 120 (noting the "easy alternatives" factor "is not finding the least restrictive means. . . The Constitution does not mandate a lowest common denominator security standard[.]").

14

Based on the foregoing, the court finds any substantial burden on Plaintiff's sincerely held religious belief is valid because it is reasonably related to legitimate penological interests. The court overrules Plaintiff's objection and grants Defendants summary judgment as to Plaintiff's Free Exercise Clause claims against Defendants in their individual capacities.

### c. RLUIPA

The Second Report concluded that if Defendants' actions could be construed as imposing a substantial burden, Defendants "have failed to carry their burden to show they are entitled to summary judgment with respect to RLUIPA's third element." (ECF No. 139 at 10, n. 3). The magistrate judge noted "[D]efendants do not discuss [Plaintiff's] claim related to his necklace at all, nor do the affidavits attached to the [D]efendants' motion address whether the policies surrounding the haircuts or the alleged disposal of [Plaintiff's] necklace are the least restrictive means of furthering a compelling government interest." *Id*. Defendants did not file objections to the Second Report, and their reply to Plaintiff's objections does not mention the magistrate judge's conclusion that they failed to show their policies were the least restrictive means or point to any evidence to convince this court to find otherwise. (ECF No. 155). As such, finding no clear error, the court agrees with the magistrate judge that based on the summary judgment record, Defendants have failed to carry their burden to show they are entitled to summary judgment as to Plaintiff's RLUIPA claim.[6] Defendants' motion for summary judgment as to Plaintiff's RLUIPA claim

---

[6]     As previously indicated, "[c]laims brought under the [Free Exercise Clause] are subject to a less demanding standard of proof than claims brought under RLUIPA, with RLUIPA claims requiring 'strict scrutiny instead of reasonableness.'" *Carawan*, 400 F. Supp. 3d at 389 (quoting *Lovelace*, 472 F.3d at 199 n.8). "Under RLUIPA, the government has the burden to show that its policy satisfies strict scrutiny: that is, the policies must represent the least restrictive means of furthering a compelling governmental interest." *Id*.

against Defendants in their individual capacities is denied at this time subject to the provision set forth below.[7]

Although summary judgment as to Plaintiff's RLUIPA claim against Defendants in their individual capacities is denied at this time, the court will consider whether it is appropriate to grant summary judgment on the issue of whether Plaintiff's claim for monetary damages is available under RLUIPA. Accordingly, the parties are invited to submit briefs on this issue within 20 days of the date of this order. *See* Fed. R. Civ. P. 56(f) ("After giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."). The parties may cite relevant authority and refer to pleadings and materials previously submitted in connection with the most recent motions for summary judgment but may not introduce new evidence without leave of the court.

**IV. Conclusion**

Having thoroughly reviewed the Second Report, the record, and the submissions of the parties, for the reasons stated above, the court **ADOPTS** the magistrate judge's findings and recommendations in the Second Report as to Plaintiff's claims against Defendants in their official capacities and **GRANTS** Defendants summary judgment as to those claims. As to Plaintiff's Free Exercise Clause and RLUIPA claims against Defendants in their individual capacities, the court

---

[7] Plaintiff's objections mention the South Carolina Religious Freedom Act, retaliation, and due process. *See* (ECF No. 153). However, as previously indicated no party objected to the magistrate judge's construction of Plaintiff's claims, and Plaintiff cannot raise new issues at this stage. *See Hubbard v. Stirling*, No. 8:19-CV-01314-SAL, 2020 WL 5249231, at *2 (D.S.C. Sept. 3, 2020) ("New issues . . . are not properly presented for the first time in objections to a report and recommendation.")

respectfully **REJECTS** the magistrate judge's recommendation that summary judgment should be granted to Defendants as to those claims based on the substantial burden prong of those claims. However, the court **ADOPTS** the magistrate judge's alternative finding and recommendation and **GRANTS** Defendants summary judgment as to Plaintiff's Free Exercise Clause claim and **DENIES** Defendants summary judgment as to Plaintiff's RLUIPA claim against them in their individual capacities. As previously indicated, the court **DISMISSES** Plaintiff's motion to strike, (ECF No. 146), as moot.

The parties are invited to submit briefs on whether it is appropriate for the court to grant summary judgment on the issue of whether Plaintiff's claim for monetary damages is available under RLUIPA within 20 days of the date of this order.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

March 27, 2026
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.