**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | | |
|---|---|---|
| Yahya Muqit,<br><br>Plaintiff,<br><br>v.<br><br>ofc Rivera; Sgt. Salazor; Sgt. Kimbrell; Sgt. Awtry; Lt. Burnzinsky; Sgt. Baccobello; A/W Susan Duffy; A/W Early; Major Bennett; Warden Charles Williams; M/H K. Harper; M/H Martin; Dr. Kara Selverdies; M/H K. Wyant,<br><br>Defendants. | ) | Civil Action No. 0:24-cv-720-TMC<br><br>**ORDER** |

Plaintiff Yahya Muqit ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, brought this civil action pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 22). Now before the court is the magistrate judge's third Report and Recommendation ("Third Report"), (ECF No. 177), recommending the court grant the Defendants' motion for summary judgment, (ECF No. 77), as to Plaintiff's claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and deny Plaintiff's motion for preliminary relief, (ECF No. 162). The magistrate judge notified the parties of their right to file objections to the Third Report. *Id*. at 7. Plaintiff filed objections, (ECF No 185), and Defendants filed a reply to those objections, (ECF No. 187). Plaintiff filed a sur-reply.[1] (ECF No. 191). This matter is now ripe for review.

[1] The undersigned judge has a Standing Order indicating that "parties may not file, nor will the court consider, any sur-reply to a motion absent a showing of good cause and leave of the court." However, Plaintiff's sur-reply is more accurately characterized as a *reply* to Defendants' response to Plaintiff's *objections* and not to a reply to a *motion*, the court will consider his sur-reply.

The recommendations set forth in the Third Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Third Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Second Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). "'The court is not obligated to consider new arguments raised by a party for the first time in objections to the magistrate's [Third] Report.'" *Floyd v. City of Spartanburg S.C.*, Civ. A. No. 7:20-cv-1305-TMC, 2022 WL 796819, at *9 (D.S.C. Mar. 16, 2022) (quoting *Elliott v. Oldcastle Lawn & Garden, Inc.*, No. 2:16-cv-01929-DCN, 2017 WL 1206408, at *3 (D.S.C. Mar. 31, 2017)); *see also Elijah*, 66 F.4th at 460 n. 3 (noting "district court judges are not required to consider new arguments posed in objections to the magistrate's recommendation").

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

## I. RLUIPA Claims

### a. Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "'against a party who fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Phillips v. Nlyte Software Am. Ltd.*, 615 Fed. App'x 151, 152 (4th Cir. 2015) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

"'In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party.'" *Sellers v. Keller Unlimited LLC*, 388 F. Supp. 3d 646, 649 (D.S.C. 2019) (quoting *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996)). However, "'[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.'" *McKinney v. G4S Gov't Sols., Inc.*, 711 Fed. App'x 130, 134 (4th Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party has the burden of proving that summary judgment is appropriate. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Lane & Roderick, Inc.*, 736 Fed. App'x 400, 400 (4th Cir. 2018) (citing *Celotex Corp.*, 477 U.S. at 322–23). Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015).

**b. Analysis**

In its prior order, the court indicated that it would "consider whether it is appropriate to grant summary judgment on the issue of whether Plaintiff's claim for monetary damages is

available under RLUIPA" against Defendants in their individual capacities[2] and invited the parties to submit briefs on the issue within twenty days of that order. (ECF No. 163). The court cautioned that while the parties could rely on "relevant authority and refer to pleadings and materials previously submitted in connection with the most recent motions for summary judgment[,]" the court would not allow the parties to "introduce new evidence without leave of the court." *Id*. All parties filed briefs on the issue. (ECF Nos. 168, 170). Thereafter, the court recommitted the case to the magistrate judge for further pretrial handling, to include consideration of this issue. (ECF No. 174).

The magistrate judge issued the Third Report on May 27, 2026. In her Third Report, the magistrate judge correctly noted that the Fourth Circuit has held that "'when invoked as a spending clause statute, RLUIPA does not authorize a claim for monetary damages against an official sued in her individual capacity.'" (ECF No. 177 at 2) (quoting *Rendelman v. Rouse*, 569 F.3d 182, 184 (4th Cir. 2009)). After concluding that Plaintiff's Amended Complaint seeks only monetary damages as to his RLUIPA claim against Defendants in their individual capacities, the magistrate judge recommended that the court grant Defendants' summary judgment as to the remaining RLUIPA claim against Defendants in their individual capacities. (ECF No. 177 at 2).

Plaintiff filed objections to the Report. (ECF No. 185). In his objections, Plaintiff argues that "the record shows [him] asking for [his] religious items and to worship freely with [his] traditional ways" not just for monetary relief. (ECF No. 185 at 1). However, the court notes that even in Plaintiff's original complaint, which was replaced by the Amended Complaint, Plaintiff only requested monetary relief. (ECF No. 1 at 8). In fact, on the complaint form when asked if he

[2] The court previously granted the Defendants' motion for summary judgment as to Plaintiff's RLUIPA claims against the Defendants in their official capacities. (ECF No. 163).

had *other lawsuits* that had been filed with the same facts involved in this action, he answered, "somewhat as far as getting my religion recognized and another one will be filed soon for property other than that no." *Id.* at 12. However, nowhere in Plaintiff's original complaint or Amended Complaint does he ask for any relief in *this case* other than money damages. While Plaintiff made mention of other forms of possible relief in *other responsive filings* in this case, at no time did he request to amend his pleadings to include such forms of relief, and, as the magistrate judge pointed out in her Third Report, Plaintiff may not amend his pleadings through these responsive filings. (ECF No. 177 at 3). *See also* Fed. R. Civ. P. 15(a) (providing that a party may amend a pleading once as a matter of course within a specified time period and any further amendment can only be made with the opposing party's written consent or with the court's leave). Accordingly, Plaintiff's objection is overruled.

As a practical matter, Plaintiff has informed the court that he no longer wishes to pursue monetary damages for his RLUIPA claims. (ECF No. 170 at 1) ("I waive the request for monetary relief under RLUIPA but do not waive the claim that it was violated."). However, as both the magistrate judge and the undersigned have noted, Plaintiff's only request for relief is monetary damages. (ECF No. 22 at 5). Furthermore, as explained in the Report, the "Supreme Court has clarified that the Spending Clause of the Constitution does not allow RLUIPA to impose damages liability on state actors in their individual capacities." *Roberts v. Engelke*, 180 F.4th 634, 642 n.5 (4th Cir. 2026) (citing *Landor v. La. Dep't of Corr. & Pub. Safety*, No. 23-1197, 609 U.S. 59, 79–80 (2026)).[3] Accordingly, Defendants are entitled to summary judgment on Plaintiff's remaining

[3] At the time *Roberts* was published, there was no full citation yet for the *Landor* case, as it had just been decided. However, the court has added the full citation here to show where the information referenced in *Roberts* was taken from *Landor*.

RLUIPA claim against them in their individual capacities, as Plaintiff's only request for relief was monetary damages, which are not permitted for such claims.

## II. Plaintiff's Motion for Preliminary Relief

As for Plaintiff's motion for preliminary relief, (ECF No. 162), the crux of his motion is his request to be moved from McCormick Correctional Institution to a different facility in the South Carolina Department of Corrections. (ECF Nos. 162 at 2; 162-1 at 2). However, as of September 21, 2026, it appears that Plaintiff has been relocated to Perry Correctional Institution and is no longer at McCormick. *See* South Carolina Department of Corrections: Incarcerated Inmate Search (First Name: Yahya, Last Name: Muquit), https://public.doc.state.sc.us/scdc-public/ (last visited Sept. 24, 2026) (indicating that Plaintiff has been moved to Perry Correctional Institution). Accordingly, Plaintiff's motion is **DENIED as moot**.[4]

## III. Conclusion[5]

Having thoroughly reviewed the Third Report, the record, and the submissions of the parties, for the reasons stated above, the court **ADOPTS** the magistrate judge's Report and incorporates it as referenced herein. Accordingly, Defendants' motion for summary judgment,

[4] Accordingly, there is no reason for the court to address the Third Report's recommendation based on the merits of the motion or Plaintiff's objections thereto since Plaintiff has already received the relief he sought in the motion. To the extent any such ruling is required, the court notes that Plaintiff's indication in his objections that Lt. Kimbrell is the same Lt. Kimbrell as is involved in this cases is noted. However, besides making this factual correction, the court notes that Plaintiff's objections do not address the legal analysis in the Third Report but instead indicate that he is "making the court aware" that he feels he needs to be moved and that he may be forced to deal with the situation "by [his] own hands." (ECF No. 185 at 2). Accordingly, to the extent any ruling is required on the objections as to this issue, such objections are overruled.

[5] The court has already addressed the issue of Plaintiff's motions for counsel that was pending at the time of the Third Report. (ECF No. 183).

(ECF No. 77), is **GRANTED** as to Plaintiff's RLUIPA claims, and Plaintiff's motion for preliminary relief, (ECF No. 162), is **DENIED as moot**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

September 28, 2026
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.